**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 22-4215**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHATAN JUNE MAULTSBY,

Defendant - Appellant.

―――――――――

**No. 22-4217**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHATAN MAULTSBY,

Defendant - Appellant.

―――――――――

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:09-cr-00194-LCB-1; 1:21-cr-00031-LCB-1)

―――――――――

Submitted:  April 28, 2023                    Decided:  June 26, 2023

―――――――――

Before GREGORY, Chief Judge, and WYNN and HARRIS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** Eugene E. Lester III, SHARPLESS MCCLEARN LESTER DUFFY, PA, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Julie C. Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Chatan June Maultsby appeals the judgment of conviction following his conditional guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and the judgment revoking his term of supervised release for a prior firearm conviction based on the instant conviction and imposing a new term of imprisonment. In his plea agreement, Maultsby reserved the right to appeal the district court's denial of his motion to suppress evidence of a firearm seized during the search of his vehicle. On appeal, Maultsby argues that the court erred in finding that the search of his vehicle did not occur before officers obtained a search warrant, specifically challenging the district court's decision to credit the officers' testimony over that of Maultsby when making this ruling. We affirm.

When reviewing a district court's ruling on a motion to suppress, we review the court's factual findings for clear error and its legal conclusions de novo. *United States v. Pulley*, 987 F.3d 370, 376 (4th Cir. 2021). We consider the evidence in the light most favorable to the Government and "must also give due weight to inferences drawn from those facts by resident judges and law enforcement officers." *Id.* (internal quotation marks omitted). We "particularly defer to a district court's credibility determinations" and will only "reverse a lower court's finding of fact" if we are "left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks omitted).

We have reviewed the record and conclude that the district court's credibility findings are not clearly erroneous. Construing the evidence in the light most favorable to the Government, we further conclude that the district court did not err in denying the

3

motion to suppress the evidence discovered in Maultsby's vehicle, as it credited the testimony of the officers that they discovered the firearm in Maultsby's vehicle only after executing a valid search warrant.

Accordingly, we affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*